ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Darren Christopher Smith, appeals the denial of his Rule 20, A.R.Cr. P.Temp., (now Rule 32, A.R.Crim.P.), petition. We remanded this case so that the trial court could make specific findings of fact on each material allegation raised by the appellant in his petition. Rule 20.9(d), A.R.Crim.P.Temp. The trial court has complied with our order and has made the following findings:
“A. The Defendant was represented at the trial stage of this case by two separate attorneys. The first, Jake Mathews, Esq., was allowed to withdraw because of a complete breakdown of the attorney-client relationship primarily due to the Defendant’s actions. His second attorney, Earl Underwood, Esq., thereafter represented the Defendant and carried through the negotiations with the State for a ten-year sentence to an amended charge of Kidnapping 2d Degree with Attempting to Commit Arson being nol prossed.
“B. The Defendant appeared before the Court on the 20th day of November, 1989, and after a full and complete explanation of his rights and the consequences of pleading guilty, he accepted the State’s offer and entered the plea he now attacks.
“C. The Defendant finds fault in his attorney’s representation. The Court simply does not. It appears, and the Court finds that Mr. Underwood had complete access to Mr. Mathews file and his thoughts on the case; it clearly appears from the record that Mr. Underwood properly analyzed the case as being dangerous from a defense standpoint in that it was (1) a violent crime, (2) it occurred in a public place, (3) there were numerous witnesses to the crime, (4) the minimum sentence due to the use of a weapon would be twenty years, (5) the chance of an acquittal or the success of an insanity defense was small, and (6) the State did not necessarily need the confession of the Defendant to prove its case. Mr. Underwood then was able, at his client’s instructions, to prevail on the Court to accept a plea-bargained sentence that the Court deemed ‘marginal’ due to its leniency. All of this was explained to the Defendant and he accepted the same.
“D. The Defendant has not carried the burden of proving to the Court that his counsel was incompetent, or, if he was, that the result would have been different. In fact, had the Defendant’s trial counsel not prevailed in renegotiating a very favorable plea bargain for the Defendant, the Court is of the opinion that the only different result would have *936 been a much more severe sentence than the one to which the Defendant pled.
“E. The Defendant voluntarily, knowingly, intelligently and after full colloquy entered a plea of guilty. His doing so waived any pre-trial attacks on his statement which he argues was illegally obtained. There is evidence that the Defendant was highly emotional and agitated after his arrest, was deprived of his clothing and placed in a darkened isolation cell until he calmed down and that he thereafter did so. There is no evidence that his confession was obtained by this or that it materially interfered with his ability to act voluntarily and knowingly.”
The trial judge who heard the appellant’s Rule 20 petition was also the same judge who presided over the appellant’s trial. It is clear after a review of the trial court’s findings that the petition was correctly denied.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.